**Dated: August 04, 2010**

**The following is ORDERED:**



_Tom R. Cornish_

Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
DENNIS C. HULL,                                          Case No. 10-81161-TRC
                                                         Chapter 11
                        Debtor.

<u>ORDER DENYING DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY</u>

This matter came on for telephonic hearing on August 2, 2010, upon Debtor's Motion for

Order Continuing Automatic Stay (Docket Entry 46), Objection filed by McCurtain County National

Bank (Docket Entry 49) and Objection filed by First United Bank & Trust (Docket Entry 61). Gary

D. Hammond appeared for Debtor, Robert Inglish appeared for McCurtain County National Bank,

and Bill Barksdale appeared for First United Bank & Trust. The Court took the matter under

advisement and continued the automatic stay in effect. After hearing arguments of counsel and

reviewing the Motion and Objections, the Court finds that the Motion should be denied and the

automatic stay should be allowed to expire.

This Court previously conducted an evidentiary hearing on July 21, 2010, upon McCurtain

County National Bank's Emergency Motion for Order Prohibiting Use of Cash Collateral filed July 13, 2010, (Docket Entry 19) and Debtor's Response (Docket Entry 33). Evidence presented in that hearing established that Debtor had previously been in a Chapter 13 bankruptcy in this Court, Case No. 10-80020-TRC, filed in January of 2010, and that the Chapter 13 case was dismissed on June 15, 2010, without Debtor ever making a plan payment. Debtor tried unsuccessfully to convert the previous Chapter 13 case to a Chapter 11 case. He withdrew his objection to dismissal and this Court dismissed that case. Approximately two weeks later, on July 2, 2010, he filed this Chapter 11 bankruptcy case. Mary Tidwell, Executive Vice President and Loan Officer for McCurtain County National Bank ("McCurtain Bank"), testified that Debtor has two loans with McCurtain Bank, which are secured by real estate, farm equipment, personal property, restaurant equipment, storage units, and proceeds from Debtor's business, the Bayou Restaurant, located near Idabel, Oklahoma. Debtor also operates a storage unit business adjacent to the restaurant. She stated that he has not made a payment to McCurtain Bank since October of 2009, and that he filed this Chapter 11 bankruptcy on the eve of a state court hearing regarding a replevin action of Debtor's property filed by McCurtain Bank and another secured creditor. Tidwell testified that the restaurant is open on Fridays, Saturdays and Sundays, and Debtor is only on the property on those days. McCurtain Bank has been forced to purchase insurance for the property.

The Debtor also testified on July 21, 2010, and admitted that he had not made any plan payments while in Chapter 13 bankruptcy and that there has been no change in his financial position since that case was dismissed and this case was filed. He also admitted that he did not have any type of insurance on the property pledged to McCurtain Bank, does not pay real estate taxes, nor does he

file withholding reports on his restaurant employees.[1]  He stated that he uses the money he makes from the Bayou to run the business, although he has not sought court approval to do so.  He stated that he has a payroll account at one bank and has another bank account from which restaurant food suppliers draw.  He admitted that he has taken cash from the business to his home and kept it there, rather than depositing it at a bank, but he stated that he has discontinued this practice.  He estimated that he has approximately $2,200 in cash at home and between $1,200 and $1,500 in his bank accounts.  He also estimated the gross receipts from the restaurant for the month of July to date to be $17,000, and stated that the restaurant operates at a loss. He told this Court that he had  contacted an insurance agent about securing insurance but had not had time to finalize that by the hearing.  On the days the restaurant is closed, he does errands, takes care of his mother's cattle, or performs other work on property in Bryan County.  He receives some income from his mother on an annual basis. He stated that he intends to increase income by getting a full-time job, increasing the days his restaurant is open, and rent more storage units.  Debtor also admitted that he may have used some of the restaurant's receipts to pay for personal expenses for him and his wife.

Pursuant to § 363(c)(3), the automatic stay is limited to thirty days where the  debtor has had a prior bankruptcy case dismissed within the year.  To continue the automatic stay in effect, the debtor must demonstrate that the filing of the later case was made in good faith as to the creditors who are stayed by the filing.  Section 363(c)(3)(C) establishes a presumption that the case was not filed in good faith where certain circumstances exist, such as debtor's failure to provide adequate

---

[1]Debtor explained that he considered his restaurant workers to be contract employees, thus he is not required to withhold taxes or file withholding reports.  However, he has learned that he must withhold so he has obtained a taxpayer ID number and promised to withhold and account for payroll taxes.

protection as ordered in the previous case, or where there has been no substantial change in the financial or personal affairs of the debtor since the dismissal. The debtor must rebut the presumption that it was not filed in good faith with clear and convincing evidence.

His Motion states that he "has taken numerous positive steps" that will allow him to successfully reorganize and address the problems that were discussed in the July 21, 2010 hearing. He states that he has obtained property insurance for a term of one year, will obtain a second job, raise prices at the restaurant (presuming that this will generate more income), and solidify his joint venture cattle operation with his mother, who is also a debtor in this Court.

Both McCurtain Bank and First United Bank and Trust argue that Debtor's actions in filing this Chapter 11 case and his own admissions to this Court reflect an abuse of this Court's process and clear desire to evade his creditors. This Court notes that Debtor admitted in his previous testimony that his financial position has not changed, that he has taken cash from the restaurant to use for personal expenses without making any payments to his creditors, that he cannot account for the expenditure of the cash collateral pledged to McCurtain Bank, and that he does not believe he can operate at a profit this month. Further, the promises he has made to this Court and his creditors that he will correct the cited deficiencies have not been fulfilled and he has failed to provide any proof that he has obtained insurance, gotten a second job, has any business or bank records, or anything else that would demonstrate to this Court that he filed this case in good faith. Promises do not suffice as clear and convincing evidence. Therefore, the Court finds that Debtor's Motion must be denied, and the automatic stay shall terminate with respect to all creditors upon entry of this Order.

IT IS THEREFORE ORDERED that the Motion for Order Continuing Automatic Stay

(Docket Entry 46) is **denied**.

IT IS FURTHER ORDERED that the automatic stay is terminated with respect to all creditors as of the date of this Order.

###